IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 16-12 |
| KEVIN COLES | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Jonathan B. Ortiz, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of a firearm by a convicted felon on or about November 26, 2014 | 18 U.S.C. §§ 922(g)(1) and 924(e) |
| 2 | Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin on or about November 26, 2014 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) |

**FILED**

JAN 2 7 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That KEVIN COLES has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2. That after his conviction, KEVIN COLES knowingly possessed the firearm described in Count One of the Indictment; and

3. That KEVIN COLES' possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G.

### B. As to Count 2:

In order for the crime of possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date(s) set forth, the defendant possessed with intent to distribute the controlled

2

substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

4. That the mixture or substance containing a detectable amount of heroin was 100 grams or more. 21 U.S.C. § 841(b)(1)(B)(i).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A. As to Count 1: Possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1) and 924(e)):**

1. A term of imprisonment of up to 10 years. If, however, it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then, pursuant to 18 U.S.C. § 924(e), the term of

imprisonment is not less than 15 years to a maximum of life imprisonment.

   2.   A fine of up to $250,000.

   3.   A term of supervised release of 3 years, or 5 years if 18 U.S.C. § 924(e) applies.

   B.   **As to Count 2: Possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i)):**

   1.   A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

   2.   A fine not to exceed $5,000,000.

   3.   A term of supervised release of at least four (4) years.

   For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

   1.   A term of imprisonment of not less than ten (10) years to a maximum of life.

   2.   A fine not to exceed $8,000,000.

   3.   A term of supervised release of at least eight (8) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

_____
JONATHAN B. ORTIZ
Assistant U.S. Attorney
NY ID No. 4510863