

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

February 13, 2020

Paul D. Boas, Esquire
429 4th Avenue, #500
Pittsburgh, PA 15219

Re:   United States of America v.
      Kevin J. Coles
      Criminal Nos. 16-12 & 20-55

Dear Mr. Boas:

This letter sets forth the agreement by which your client, Kevin J. Coles, will enter a plea of guilty in the above-captioned cases. The letter represents the full and complete agreement between Kevin J. Coles and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Kevin J. Coles will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Kevin J. Coles, agrees to the following:

        1.    He will enter a plea of guilty to Count Two of the Indictment at Criminal No. 16-12, charging him with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

        2.    He will waive prosecution by indictment and enter a plea of guilty to Counts One, Two, and Three of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 20-55, charging him at Counts One

LIMITED OFFICIAL USE

and Three with violations of 18 U.S.C. §§ 922(g)(1) and 924(e) and at Count Two with a violation of 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with the Intent to Distribute 100 Grams or More of Heroin). He will waive any statute of limitation objections related to Count One of the Information.

3. He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 924(d) and 21 U.S.C. §§ 853(a)(1), 853(a)(2), and 853(p), including but not limited to the following:

   (a) The firearms and ammunition listed in Counts One and Three of the Information at Criminal No. 20-55; and

   (b) Approximately $46,752 in United States currency.

4. He acknowledges that the above-described property was used to commit and to facilitate the commission of the violations for which he is charged and/or constitutes the proceeds of those violations. He acknowledges that the property is the subject of forfeiture allegations at the above-referenced criminal numbers, and he consents to forfeiture of the property.

5. At the time Kevin J. Coles enters his plea of guilty, he will deposit a special assessment of $400 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Kevin J. Coles waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

7. Kevin J. Coles waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Kevin J. Coles may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Kevin J. Coles may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

> Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

> 1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining count of the Indictment at Criminal No. 16-12, without prejudice to its reinstatement if, at any time, Kevin J. Coles is permitted to withdraw his plea of guilty. In that event, Kevin J. Coles waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.
>
> 2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Kevin J. Coles in the offenses charged in the Indictment and Information and of any other matters relevant to the imposition of a fair and just sentence.
>
> 3. Prior to the change of plea hearing, the United States Attorney will move to dismiss the Information to Establish Prior Conviction filed at ECF No. 19 in Criminal No. 16-12 without prejudice to its refiling should the defendant not enter a plea of guilty or should he withdraw his plea of guilty.
>
> 4. The United States Attorney agrees not to file an information, pursuant to 21 U.S.C § 851, stating prior convictions as a basis for increased punishment.
>
> 5. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Kevin J. Coles and the United States Attorney further understand and agree to the following:

> 1. The penalty that may be imposed upon Kevin J. Coles at Count Two of the Indictment at Criminal No. 16-12 and Count Two of the Information at Criminal No. 20-55 is:
>
>> (a) A term of imprisonment of not less than 5 years and not more than 40 years;

  (b) A fine of not more than $5,000,000;

  (c) A term of supervised release of at least 4 years and up to life; and,

  (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The penalty that may be imposed upon Kevin J. Coles at each of Counts One and Three of the Information at Criminal No. 20-55 is:

  (a) A term of imprisonment of up to 10 years. If, however, it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then, pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than 15 years to a maximum of life imprisonment;

  (b) A fine of up to $250,000;

  (c) A term of supervised release of 3 years, or 5 years if 18 U.S.C. § 924(e) applies; and,

  (d) A special assessment under 18 U.S.C. § 3013 of $100.

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, defendant is not eligible for a sentence of probation.

3. The parties stipulate that Kevin J. Coles was not an organizer, leader, manager, or supervisor of others in the offenses charged, as determined under the Sentencing Guidelines.

4. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence for each count in these cases is as follows:

  (a) At Count Two of the Indictment at Criminal No. 16-12 and at Count Two of the Information at Criminal No. 20-55: A term of imprisonment between 15 and 18 years at the discretion of the sentencing judge; no fine; a term of supervised release of 8 years; and a special assessment of $100;

  (b) At Counts One and Three of the Information at Criminal No. 20-55: A term of imprisonment of 15 years; no fine; a term of supervised release of 5 years; and a special assessment of $100.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his guilty plea.

  The parties further agree that no other enhancements, departures or variances are applicable or appropriate.

  The parties further agree that the terms of imprisonment and terms of supervised release at all counts are to be served concurrently.

  Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

5.  The parties understand that, to the extent applicable and pursuant to 21 U.S.C. § 862, the Court may, in its discretion, order that the defendant be ineligible permanently for all Federal benefits as defined in § 862(d).

6.  The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Kevin J. Coles acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

7.  This agreement does not preclude the government from pursuing any civil or administrative remedies against Kevin J. Coles or his property.

8.  The parties agree that, although a charge is to be dismissed pursuant to this agreement, Kevin J. Coles is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Kevin J. Coles waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

9.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Kevin J. Coles and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

SCOTT W. BRADY
United States Attorney

Page 6

I have received this letter from my attorney, Paul D. Boas, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
KEVIN J. COLES

2/26/30
_____
Date

Witnessed by:

_____
PAUL D. BOAS, ESQUIRE
Counsel for Kevin J. Coles